IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 13-85-BLG-DWM |
| --- | --- |
| Plaintiff/Respondent, | CV 15-01-BLG-DWM |
| vs. | ORDER DISMISSING § 2255 MOTION |
| MITCHELL TODD ROSS, | |
| Defendant/Movant. | |

**FILED**
JAN 1 6 2015
Clerk, U.S. District Court
District Of Montana
Missoula

On January 6, 2015, Defendant/Movant Mitchell Todd Ross filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Ross filed the motion personally. On January 14, 2015, the Court received a letter that appears to request withdrawal of the § 2255 motion.

Because the sentence Ross is currently serving is actually more favorable to him than the sentence that was pronounced in open court, and because Ross misunderstands this fact, the Court will permit him to withdraw the § 2255 motion.

Initially, the sentence consisted of "16 months with the BOP for a split sentence of 8 months of incarceration and 8 months in a residential re-entry center; a term of 3 years of supervised release to follow with the first 6 months in a residential re-entry center." Minutes (Doc. 29). Although neither the government nor defense counsel objected to the sentence, it was illegal. A court has no authority to direct the Bureau of Prisons ("BOP") to incarcerate an offender for 8

1

months and then place him in a residential re-entry center for 8 months. 18 U.S.C. § 3621(a), (b); 42 U.S.C. § 17541(a)(2)(A). The sentence as it was pronounced in open court would have authorized the BOP to place Ross in prison for 16 months. Then, when he began to serve his 3-year term of supervised release, he would have spent the first 6 months of that term in a residential re-entry center.

Because no 16-month prison sentence was intended, the sentence was corrected the next day. *See* Fed. R. Crim. P. 35(a), 36; Order (Doc. 30) at 1-2. Ross was committed to BOP custody for 8 months, followed by a three-year term of supervised release, with the special condition that the first 14 months of supervised release should be served in a residential re-entry center. Judgment (Doc. 31) at 2-3; *id.* at 4 Special Condition No. 9. The change in the sentence ensured Ross would not be sent to a federal prison for 16 months. The change also reduced the total sentence from 52 months (16 months BOP + 36 months supervised release) to 44 months (8 months BOP + 36 months supervised release). Now, just as everyone intended when the sentence was pronounced in open court, Ross will serve 8 months in jail and 14 months in a residential re-entry center.

Because Ross has not made a substantial showing that he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), a certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Ross's letter of January 14, 2015 (Doc. 37), construed as a motion to withdraw his motion under 28 U.S.C. § 2255, is GRANTED. The § 2255 motion (Doc. 35) is DISMISSED WITHOUT PREJUDICE.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall close the civil file by entering a judgment of dismissal.

DATED this 16th day of January, 2015.

Donald W. Molloy
United States District Court